**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: January 22, 2016
Date Decided: January 22, 2016

Brad Greenspan
2995 Woodside Road, Suite 400
Woodside, CA 94062

Gregory V. Varallo, Esquire
Kevin M. Gallagher, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Kevin M. Coen, Esquire
Morris, Nichols, Arsht & Tunnell LP
1201 North Market Street
Wilmington, DE 19801

Kathaleen St. J. McCormick, Esquire
Daniel M. Kirshenbaum, Esquire
Young, Conaway, Stargatt & Taylor
100 North King Street
Wilmington, DE 19899

A. Thompson Bayliss, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Daniel B. Rath, Esquire
Rebecca L. Butcher, Esquire
Tyler O'Connell, Esquire
Landis Rath & Cobb LLP
919 North Market Street
Wilmington, DE 19801

Re: *Brad D. Greenspan v. News Corporation, et al.*,
Civil Action No. 9567-VCG

Dear Counsel and Mr. Greenspan:

I have Mr. Greenspan's "Application for Certification of Interlocutory Appeal," which attaches an "Additional Motion 59(A) New Trial," filed today. This pleading is largely incomprehensible to me. There has been no "trial" in this matter; to the extent Mr. Greenspan seeks to reargue my decision granting certain Defendants' Motions to Dismiss, I have already disposed of that motion by Letter

Opinion of this date, and further reargument is untimely. To the extent Mr. Greenspan seeks an interlocutory appeal, the pleading states no grounds supporting such an appeal, and I have attached an Order denying certification of an interlocutory appeal.

Mr. Greenspan's pleading seems in reality to be a request that I recuse myself from this proceeding. His sole ground is that by Letter Opinion of January 6, 2016, I referred to him as an "enthusiastic" *pro se* plaintiff, to which appellation he takes offense, and from which he concludes I am biased against him.

To the latter point, I bear absolutely no ill-will or bias against Mr. Greenspan, nor can I conceive of any reason why I cannot render an impartial adjudication in this matter. As to the former, I do not consider enthusiasm to be a quality implying censure, nor "enthusiastic" an epithet. I characterized the Plaintiff as "enthusiastic" based upon the vigor, initiative, and even brio he has demonstrated by filing many, many *pro se* pleadings in this Court. Mr. Greenspan points out that "enthusiasm," according to Merriam-Webster, implies not only eagerness, but "eager *enjoyment*," and argues strenuously that he takes no enjoyment from these proceedings. If so, it is not the first time I have employed one word where another would have been more appropriate. Nonetheless, despite my lack of erudition, no disrespect was meant. To the extent this pleading may be characterized as a motion to recuse, that motion is denied.

2

IT IS SO ORDERED.  A separate order declining to certify an interlocutory appeal is attached.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| BRAD D. GREENSPAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 9567-VCG |
| | : |
| NEWS CORPORATION, 21ST | : |
| CENTURY FOX CORPORATION, | : |
| NEWS AMERICA CORPORATION, | : |
| WASHINGTON POST | : |
| CORPORATION, SONY | : |
| CORPORATION, SONY | : |
| CORPORATION AMERICA, SONY | : |
| MUSTIC ENTERTAINMENT INC., 550 | : |
| DIGITAL MEDIA VENTURES, INC., | : |
| SONY BROADBAND | : |
| ENTERTAINMENT, INC., | : |
| EUNIVERSE, INC., RGRD LAW LLC, | : |
| NTAGEPOINT VENTURE | : |
| PARTNERS, ORRICK HERRINGTON | : |
| LAW LLC, EM1 MUSIC, WARNER | : |
| MUSIC GROUP, IAC CORPORATION, | : |
| MYSPACE, INC., ASKJEEVES, INC., | : |
| JP MORGAN CHASE | : |
| CORPORATION, REDPOINT | : |
| PARTNERS CORPORATION, and | : |
| ARENT FOX LAW LLC INC., | : |
| | : |
| Defendants. | : |

<u>ORDER DENYING LEAVE TO APPEAL</u>
<u>FROM INTERLOCUTORY ORDER</u>

AND NOW, TO WIT, this 22nd day of January, 2016, the Plaintiff having

made application under Rule 42 of the Supreme Court for an order certifying an

appeal from the interlocutory order of this Court, dated January 6, 2016; and the Court having found that such order lacks a substantial issue of material importance that merits appellate review before a final judgment and that the none of the criteria of Supreme Court Rule 42(b)(iii) apply;

IT IS ORDERED that certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court, is DENIED.


/s/ Sam Glasscock III

Vice Chancellor